## WASS v. BOARD OF EXAMINERS OF BARBERS.

BARBERS — BOARD OF EXAMINERS — CERTIFICATE — TERMS OF ISSUANCE.

> Act No. 212, Pub. Acts 1899, creating a board of examiners of barbers, provides (section 6) that an applicant for a certificate shall pay the sum of five dollars, which shall entitle him to examination, and to a certificate if qualified: *Provided*, the section shall not apply to persons "now engaged in the business of a barber in this State," and who have been "so engaged" for two years. Section 7 provides that every person "now engaged in the business of a barber in this State, and who has been so engaged" for two years, who shall, within 90 days, file with the board a sworn statement, showing his name, place of business, post-office address, and "the length of time he has actually served as a barber," shall, on payment of one dollar, receive a certificate. *Held*, that a barber who had been engaged in business in this State for only 11 months was not entitled to a certificate on payment of one dollar, though he had been engaged as a barber in another State for more than two years, and so stated in his application.

*Mandamus* by Fred S. Wass to compel the board of examiners of barbers to issue him a certificate. Submitted February 20, 1900. Writ denied March 27, 1900.

*Hammond & Hammond*, for relator.

*Horace M. Oren*, Attorney General, for respondent.

HOOKER, J.  The relator alleges that he is a barber, and had worked at that calling for more than two years immediately preceding his application to the respondent, in Ohio and Michigan, the last 11 months of which period he worked in this State.  He applied to the respondent for a certificate as a barber, under Act No. 212 of the Public Acts of 1899, and, being refused a certificate, asks a *mandamus* to compel its issue.  The answer of the respondent shows that the only ground of refusal is that the relator is not entitled to such certificate without paying five dollars to the treasurer of the board, and submitting to examination; not having been engaged in the business of a barber in this State for the period of two years.  Relator claims that, having been engaged in the business of a barber for two years, he is entitled to the certificate of the board, whether said business was conducted in Michigan or another of the United States, and this is the only question that we are called upon to decide.  Counsel for the relator, in their brief, say that, "so far as this case is concerned, it is simply a matter of construing the meaning of sections 6 and 7 of the act."  They read as follows:

"SEC. 6.  Each person applying to said board for a certificate shall pay to the treasurer thereof the sum of five dollars, which shall entitle *him* to *examination, and to a* certificate if found qualified:  *Provided,* this section shall not apply to barbers now engaged in the business of a barber in this State, and who have been so engaged for the period of two years.

"SEC. 7.  Every person now engaged in the business of a barber in this State, and who has been so engaged for the period of two years or more, shall, within ninety days after this act shall take effect, file with the secretary of said board a statement verified by his oath, to be administered by any notary public of the State, showing his name, place of business, post-office address, the length of time he has actually served as a barber, and shall pay to said secretary the sum of one dollar, and receive and shall be entitled to receive from said board a certificate as a barber, and shall pay annually thereafter the sum of fifty cents for a renewal of said certificate."

123 MICH.—35.

The question resolves itself into this, viz.: Whether the words "*so engaged*" refer to the words "*engaged in the business of a barber*," or to the words "*engaged in the business of a barber in this State*." We have no doubt that the latter was the meaning intended. It is said that section 7 does not require the application to show that the applicant has been engaged in the business of a barber in this State for two years, but we think the entire act should be construed together; and, whatever the application may be required to show, we are satisfied that it was designed that the applicant should not be entitled to a certificate without examination, and the payment of a fee of $5, unless he should show that fact.

The writ is denied, with costs.

The other Justices concurred.